UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

IN RE: STEPHEN HARPER AS OWNER      CIVIL ACTION
OF THE M/Y HOLLAND'S ISLAND

NUMBER: 15-157-JWD-RLB

## ORDER

Before the Court is Barbara Jenkins' Motion to Quash Deposition and Trial Subpoenas, and for Expedited Hearing (R. Doc. 90) filed on October 15, 2016. The deadline for filing an opposition has not expired. Also before the Court is Barbara Jenkins' Ex Parte Motion for Expedited Hearing on Motion to Quash Deposition and Trial Subpoenas (R. Doc. 98) filed on November 22, 2016.

On November 10, 2016, counsel for Stephen Harper, as owner of the M/Y HOLLAND'S ISLAND, and American Reliable Insurance Company (collectively, "Harper") issued Rule 45 subpoenas commanding four third-party individuals (Virginia Aucoin, Tracy Wallace, Crystal Bryan, and Kimberly A. Moran) to appear for video depositions on December 6, 2016 in New Orleans, Louisiana. (R. Doc. 90-4; R. Doc. 90-5; R. Doc. 90-6; R. Doc. 90-7). In addition, Harper issued a Rule 45 subpoena commanding Virginia Aucoin to appear as a trial witness on February 21, 2017. (R. Doc. 90-8).

Jenkins seeks an order quashing the subpoenas and prohibiting the testimony of these witnesses on the basis that they were never identified in discovery or listed as potential witnesses in the proposed Pretrial Order. (R. Doc. 90-1 at 1).[1]

---

[1] The Court has confirmed that the third-party individuals are not identified in the proposed Pretrial Order. (R. Doc. 80).

Mailed to V. Aucoin, T. Wallace, C. Bryan, K. Moran

Rule 45 provides "the court for the district where compliance is required" the authority to quash or modify a subpoena. Fed. R. Civ. P. 45(d)(3).  Because compliance for the "trial depositions" is sought in New Orleans, the U.S. District Court for the Eastern District of Louisiana is the appropriate court to seek relief pursuant to Rule 45.  That said, "any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).  Accordingly, the Court will construe Jenkins' motion to quash the noticed "trial depositions" as a motion for protective order pursuant to Rule 26(c)(1) and will, as the court where the action is pending, consider the motion on its merits.

In its cover letter providing the foregoing subpoenas to Jenkins, counsel for Harper states that the third-party individuals may have "discoverable information" regarding Jenkins' "prior and continued work as a hairdresser." (R. Doc. 90-2).  Discovery in this action closed on June 20, 2016. (R. Doc. 48).  Discovery depositions must be completed before the discovery deadline. LR 26(d)(2).  No request to extend the discovery deadlines for the purpose of conducting these depositions was submitted to the Court and no extension has been granted.

While the district judge set a "trial deposition" deadline of February 1, 2017 (R. Doc. 88), that deadline references the taking of depositions of unavailable witnesses pursuant to Rule 32(a)(4) and/or depositions by stipulation of the parties pursuant to Rule 29(a).[2]  The "trial deposition" deadline does not otherwise extend any discovery deadlines, reopen substantive discovery, or apply to new witnesses that were not disclosed in the parties' proposed Pre-Trial

---

[2] In addition, this Court's local rules provides that "[u]nopposed discovery may continue after the applicable deadline for discovery contained in the scheduling order, provided that discovery does not delay other pretrial preparations or the trial setting."  LR 26(d)(1); *see also* LR 26(d)(2) (providing that the court will not enforce depositions scheduled after the discovery deadline).

Order. *See Allen v. C & H Distributors, LLC*, No. 10-1604, 2014 WL 2589711, at *2 (W.D. La. June 10, 2014) (affirming magistrate judge's decision to allow "trial depositions" of witnesses who were identified on the plaintiffs' will call witness list and were outside of the Court's subpoena power).

Based on the foregoing, the Court will issue a protective order quashing the pretrial depositions.  To the extent Jenkins seeks an order quashing the trial subpoena served on Virginia Aucoin, or to preclude her from testifying as a witness (whether under subpoena or not), the Court will deny the motion with leave to refile a motion in limine to be decided by the district judge.

Based on the foregoing,

**IT IS ORDERED** Barbara Jenkins' Ex Parte Motion for Expedited Hearing on Motion to Quash Deposition and Trial Subpoenas (R. Doc. 98) is **GRANTED** to the extent it seeks expedited consideration.  A hearing on the underlying motion is unnecessary.

**IT IS FURTHER ORDERED** Barbara Jenkins' Motion to Quash Deposition and Trial Subpoenas, and for Expedited Hearing (R. Doc. 90) is **GRANTED** to the extent it seeks expedited consideration and a protective order quashing the "trial depositions" of Virginia Aucoin, Tracy Wallace, Crystal Bryan, and Kimberly A. Moran.  The subpoenas directing these third-party individuals to appear for video depositions on December 6, 2016 in New Orleans, Louisiana (R. Doc. 90-4; R. Doc. 90-5; R. Doc. 90-6; R. Doc. 90-7) are **QUASHED.**

**IT IS FURTHER ORDERED** Barbara Jenkins' Motion to Quash Deposition and Trial Subpoenas, and for Expedited Hearing (R. Doc. 90) is **DENIED** to the extent it seeks a protective order quashing the trial subpoena served upon Virginia Aucoin (R. Doc. 90-8).  Any

relief regarding the appearance of Virginia Aucoin as a trial witness should be sought in a motion in limine to be resolved by the district judge prior to trial.

**IT IS FURTHER ORDERED** that the Clerk's office shall send a copy of this Order to Virginia Aucoin, Tracy Wallace, Crystal Bryan, and Kimberly A. Moran at the addresses on the respective subpoenas.

Signed in Baton Rouge, Louisiana, on December 1, 2016.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE