UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

IN RE: STEPHEN HARPER AS OWNER               CIVIL ACTION
OF THE M/Y HOLLAND'S ISLAND
                                          NUMBER: 15-157-JWD-RLB

## ORDER

Before the Court is Stephen Harper, as owner of the M/Y HOLLAND'S ISLAND, and American Reliable Insurance Company's (collectively, "Movants") Motion to Compel Supplemental Independent Medical Examination of Plaintiff (R. Doc. 93) filed on November 18, 2016.  Barbara Jenkins has filed an Opposition. (R. Doc. 99).

Ms. Jenkins asserts that as a result of a huge wake caused by a power boat piloted by Mr. Harper on September 14, 2015, she "suffered severe injuries, including but not limited to two fractured vertebrae of her thoracic spine." (R. Doc. 9 at 6).  Ms. Jenkins seeks recovery from the Movants for "residual disability, disfigurement and scarring, past and future pain and suffering, past and future mental anguish and distress, past and future loss of enjoyment of life, past and future medical expenses, and loss of past and future earnings or income earning capacity." (R. Doc. 9 at 6).

On January 29, 2016, Ms. Jenkins submitted to an independent medical evaluation ("IME") conducted by Dr. Henry Louis Eiserloh, III. (R. Doc. 93-4).  Movants did not seek a Rule 35 order in connection with this IME.

Movants represent that on April 1, 2016, Plaintiff forwarded updated medical records indicating she had extensive treatment for chest pain in December of 2015 and February of 2016. (R. Doc. 93-1 at 5).

In late April of 2016, Ms. Jenkins' consulting economist provided reports indicating that he had calculated Ms. Jenkins' future medical treatment, medications, and therapy to be $481,200 (R. Doc. 93-2) and her total loss of earning capacity to be $184,884 (R. Doc. 93-3).

On April 27, 2016, Dr. Sean Graham testified at his deposition that he expected Ms. Jenkins to receive three steroid injections per year and physical therapy for the rest of her life. (R. Doc. 93-7).

The most recent amendment to the Scheduling Order set the deadline to complete all discovery on June 20, 2016. (R. Doc. 48).

Rule 35 provides that the "court where the action is pending may order a party whose mental or physical condition—including blood group—is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1). Such an order may be issued "only on motion for good cause and on notice to all parties and the person to be examined" and "must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2). "Good cause" requires a showing of specific facts that demonstrate the need for the information sought and lack of means for obtaining it elsewhere. *Schlagenhauf v. Holder,* 379 U.S. 104, 118 (1964). Rule 35 does not limit the number of independent medical examinations so long as "good cause" is shown for each exam. *Sadler v. Acker*, 263 F.R.D. 333, 336 (M.D. La. 2009). "Examples of circumstances which have been held sufficient to justify second examinations include: (a) separate injuries calling for examination by distinct medical specialties; (b) where a physician requires assistance of other consultants before he can render a diagnosis; (c) where the first examination was not adequate or complete; and (d) where a substantial time lag occurred

between the initial examination and the trial." *Moore v. Calavar Corp.*, 142 F.R.D. 134, 135 (W.D. La. 1992) (citing cases).

There is no dispute that Ms. Jenkins' physical condition is in controversy.

That said, the Court will deny the instant Motion for a Rule 35 examination as untimely filed.  Movants filed the instant motion on November 18, 2016, approximately five months after the close of discovery in this action.  Movants argue that there is good cause for the issuance of a Rule 35 order in light of updated medical records provided on April 1, 2016; the "life plan" and calculations of loss earning capacities in Ms. Jenkins' consulting expert's reports, and Dr. Graham's deposition testimony on April 27, 2016 regarding Plaintiff's future medical treatment.

Ms. Jenkins' expert report deadline passed on May 4, 2016, and there is no indication in the record that Ms. Jenkins did not provided her reports to Movants prior to that deadline. Accordingly, Movants had access to all of the foregoing information well prior to the June 20, 2016 discovery deadline.  Nevertheless, Movants have provided no explanation for why, despite having this information, they did not timely file the instant Motion.

As a discovery tool, Rule 35 examinations are subject to the Court's discovery deadlines. One Court of Appeals has even upheld the denial of a Rule 35 order sought after the close of non-expert discovery where it was *foreseeable* that the plaintiff's expert would provide a "life plan" *after* the close of discovery. *Miksis v. Howard*, 106 F.3d 754, 758 (7th Cir. 1997) (upholding the denial of Rule 35 motion where defendants did not move for examination until more than four months after discovery deadline, defendants knew that they would not receive plaintiff's expert's proposed opinions until after the close of discovery, and plaintiff's need for a life plan was clearly foreseeable given the nature of the plaintiff's injuries); Charles Alan Wright & Arthur R. Miller, 8B Fed. Prac. & Proc. Civ. § 2234 (3d ed.) ("*Except for the discovery cut-*

3

*off*, there is no time limit on when a motion for a physical or mental examination can be made") (emphasis added).  Furthermore, to the extent Movants are now requesting a Rule 35 examination for the purposes of producing a supplemental expert report, the deadline to provide such a report has also passed. *see Diaz v. Con-Way Truckload, Inc.*, 279 F.R.D. 412, 420 (S.D. Tex. 2012) (motion for Rule 35 examination was untimely as it was filed after the Rule 26 deadline to designate experts and produce reports).

In this action, the Court extended pre-trial deadlines three times in light of unopposed or joint motions. (R. Doc. 36; R. Doc. 45; R. Doc. 48).  The final extension set a coterminous date for the close of both non-expert and expert discovery on June 20, 2016. (R. Doc. 48). Accordingly, the latest that Movants could seek a Rule 35 examination within the applicable timeframes expired over five months ago.[1]

The Court further finds that Movants' lack of diligence in pursuing this examination further supports denial of the instant motion.  As set forth above, any information that Movants allege support their untimely request was in their possession prior to the June 20, 2016 discovery deadline.  Despite having this information, they did not file the instant Motion until approximately five months later.  By that time, all discovery had closed, expert reports had been exchanged, dispositive motions had been filed, Daubert motions had been filed, the proposed pretrial order was filed and the trial judge had conducted the final pretrial conference.  There is not good cause to extend any applicable deadlines to permit the relief requested.

Finally, Movants also rely upon speculation that Ms. Jenkins has "secretly" returned to work as a hairdresser for most of 2016 based on cash deposits in her bank account.  Movants do not represent when they obtained the bank documents submitted in support of their motion, but a

---

[1] In addition, the dispositive motion and Daubert motion deadline expired on July 14, 2016. (R. Doc. 50).

4

supporting affidavit suggests that they were provided by the financial institution on or soon after June 29, 2016. (R. Doc. 93-5).  Again, Movants do not explain why, if this information supported an untimely IME, they did not immediately file the instant Motion after obtaining this information.  Furthermore, Ms. Jenkins and her former spouse (with whom she has reconciled) have filed affidavits indicating that the deposits represent income from her former spouse has made through his carpentry business, and that Ms. Jenkins has not been able to return to any gainful employment and has not earned any money as a hairdresser or otherwise since the accident at issue. (R. Doc. 99-1; R. Doc. 99-2).

Based on the foregoing, the Court concludes that the Motion is untimely and Movants have not established good cause for issuance of a Rule 35 order.

**IT IS ORDERED** that the Motion (R. Doc. 93) is **DENIED.**

Signed in Baton Rouge, Louisiana, on December 1, 2016.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**